UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Crossclaim-Plaintiff, | ) ) ) |
| v. | ) Docket No. 2:24-cv-00061-NT ) |
| JULIUS MARULLO, | ) ) |
| Crossclaim-Defendant. | ) ) |

**ORDER ON THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT**

Before me is the United States' motion for default judgment against Julius Marullo (ECF No. 38). For the reasons stated below, the motion is **GRANTED**.

**BACKGROUND**

Last year, a New Hampshire company, G.T. & J. Enterprises, LLC ("**GT&J**"), filed this action against Julius Marullo, Maine Revenue Services, and the Internal Revenue Services ("**IRS**"). Bill of Interpleader (ECF No. 1-1). GT&J owed Marullo $130,000 for redeeming his membership interest in GT&J and was seeking a determination of the priority of claims to that money given that the IRS and Maine Revenue Services each had recorded tax liens against Marullo. Bill of Interpleader ¶¶ 7–11.

The United States (the "**Government**"), which GT&J had identified as the IRS, then removed the action to federal court. Notice of Removal (ECF No. 1). The

Government also filed a crossclaim[1] against Marullo, alleging that he has unpaid tax liabilities to the Government in the amount of $550,048.90 resulting in "valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322" and requesting that the Court enter an order "enforcing the federal tax liens securing the liabilities . . . against the membership interest or previous[ ] membership interest Marullo held by GT&J Enterprise, by determining that $130,000 represents adequate and full consideration for such membership interest and awarding the same in full to the United States." United States' (Restated) Answer and Countercl. and Cross-Cl. ("**Crosscl.**") at 9–10 (ECF No. 20). Marullo failed to respond to the Government's crossclaim and the Clerk of Court entered default against him. Counterclaimant United States of America's Req. for Clerk's Entry of Default Against Countercl. Defs. Julius Marullo and State of Maine, Maine Revenue Services (ECF No. 31); Order (ECF No. 32).

On December 12, 2024, at the Government's request, I entered an order fully adjudicating the interests of GT&J and Maine Revenue Services. Order (ECF No. 35). I ordered GT&J to pay $130,000 to the Government "in satisfaction of the tax levy of the IRS" and released GT&J and Maine Revenue Services from further participation in the case. Order at 1. That left only the Government's crossclaim against Marullo to resolve. On February 20, 2025, the Government filed the motion for default

---

[1]  The Government alternately styled its claim against Julius Marullo as a counterclaim and a crossclaim. *See* United States' Answer and Countercl. 1, 6 (ECF No. 13); United States' (Restated) Answer and Countercl. and Cross-Cl. 1, 6–9 (ECF No. 20). Because Marullo never filed a claim against the United States, the Government's claim against Marullo is better characterized as a crossclaim.

judgment against Marullo that is now before me. Mot. for Default J. Against Julius Marullo (ECF No. 38).

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the claim "is for a sum certain" and the plaintiff has submitted an affidavit showing the amount due, then the clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In reviewing a party's motion for default judgment under Rule 55(b)(2), the court "may examine" the party's claims, "assum[ing] that all well pleaded factual allegations are true," to determine if the party "alleges a cause of action." *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 WL 5628193, at *33 (D. Me. Aug. 31, 2023) (quoting *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992) (per curiam)). At this stage, the defaulting party "'is taken to have conceded the truth of the factual allegations in the complaint. . . .'" *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)).

## DISCUSSION

Taking the Government's allegations as true, I am satisfied that the Government's crossclaim contains sufficient facts to establish my jurisdiction,

3

Marullo's liability, and the Government's right to recover. *See Elektra Ent. Grp., Inc. v. Carter*, 618 F. Supp. 2d 89, 92 (D. Me. 2009) ("The Court . . . first assesses its jurisdiction and the sufficiency of the Complaint to establish [the defendant]'s liability.").

First, the Internal Revenue Code gives me jurisdiction over actions to enforce federal tax liens. *See* 26 U.S.C. §§ 7402(a), 7403; *see also* 28 U.S.C. §§ 1340, 1345. I acquired personal jurisdiction over Marullo, who lives in Maine, when he was served with the summons in this action. *See* Returned Summons (ECF No. 17-5).

Next, I turn to whether the facts alleged in the crossclaim are sufficient to establish that Marullo is liable to the United States for unpaid taxes and that the Government is entitled to recovery. The Government alleges that a delegate of the Secretary of the Treasury made assessments against Marullo for income taxes and penalties totaling $550,048.90. Crosscl. ¶ 6. These liabilities include "assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest" for eleven tax years, 2007 through 2014 and 2016 through 2019. Crosscl. ¶ 6. The Government notified Marullo of these liabilities and demanded payment, but Marullo did not pay the full amount owed. Crosscl. ¶¶ 7–8. The Government filed Notices of Federal Tax Lien for tax years 2007, 2008, 2009, 2011, 2012, 2013, 2014, 2016, 2017, and 2018. Crosscl. ¶ 9.

"In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made," the

federal government may file an action in district court "to enforce the lien of the United States under [the Internal Revenue Code] with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403. Based on the foregoing facts, the Government has shown that Marullo failed to pay federal taxes as required by the Internal Revenue Code. The Government has further established that, as of February 11, 2025, Marullo owes $463,316.21, which accounts for a credit of $130,000 for Marullo's membership interest payout that the IRS received from GT&J. Decl. of John Carroll (ECF No. 38-1). "A presumption of correctness attaches to a tax assessment made by the IRS." *United States v. LaBombard*, 107 F. Supp. 2d 57, 60 (D. Mass.) (citing *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir. 1992)), *aff'd,* 248 F.3d 1128 (1st Cir. 2000). Marullo is in default and has failed to contest either his liability or the amount owed.

Accordingly, the Government's motion for default judgment is **GRANTED**. The United States is awarded default judgment against Julius Marullo for income tax liabilities for tax years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2016, 2017, 2018, and 2019 in the amount of $463,316.21 plus interest to accrue pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 16th day of May, 2025.